# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 14-491V
Filed: December 7, 2017
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| FELICIA MARSHALL, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

Attorneys' fees and costs decision;
reasonable attorneys' fees and costs

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

F. John Caldwell, Jr., Sarasota, FL, for petitioner.
Lara D. Englund, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 1, 2015, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) alleging that she suffered Guillain-Barré Syndrome ("GBS") and chronic inflammatory demyelinating polyneuropathy ("CIDP") due to her June 21, 2011 receipt of the human papillomavirus ("HPV") vaccine. Pet. at ¶¶ 2, 3. Petitioner further alleges that she suffered the residual effects of this injury for more than six months. On June 1, 2017, the undersigned issued a decision awarding damages to petitioner based on the parties' stipulation filed on the same day.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On December 1, 2017, petitioner filed a motion for attorneys' fees and costs ("motion"). In her motion, petitioner requests a total of $80,263.10 for attorneys' fees and costs incurred by Maglio Christopher & Toale, PA.   In accordance with General Order #9, petitioner's counsel noted in the fee application that petitioner has not advanced any funds in the prosecution of her claim.

On December 5, 2017, respondent filed a response to petitioner's motion explaining he is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B).   Resp. at 2.   Respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award for attorneys' fees and costs."   Id. at 3.

## DISCUSSION

### I.   Legal Standard for Attorneys' Fees and Costs

#### A.  In General

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1).   The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.   Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

### II.   Reasonableness of Requested Attorneys' Fees and Costs

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."   Avera, 515 F.3d 1343, 1348.   This rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney."   Rodriguez v. Sec'y of HHS, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing Avera, 515 F. 3d at 1349).   For cases in which forum rates apply, McCulloch provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience.   See McCulloch v.Sec'y of HHS, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Once the applicable hourly rate is determined, it is applied to the "number of hours reasonably expended on the litigation."   Avera, 515 F.3d at 1348.   Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."   Saxton v. Sec'y of HHS, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).   Counsel must submit fee requests that include contemporaneous and specific billing entries indicating the task performed, the number of hours expended on the task, and who performed the task.   See Savin v. Sec'y of HHS, 85 Fed. Cl. 313, 316–18 (Fed. Cl. 2008).   It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."   Id.   Furthermore, the special

master may reduce fees *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond.   See Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009).   A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.   Broekelschen v. Sec'y of HHS, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

In her motion, petitioner requests a total of $80,263.10, comprised of $57,598.90 for attorneys' fees and $22,664.20 for attorneys' costs, incurred by Maglio Christopher & Toale, PA.

## 1.  Reduction in Hourly Rates

### a.  Discounted Rate for Hours Spent Traveling

In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate.   *See* Hocraffer v. Sec'y of HHS, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); Rodriguez v. Sec'y of HHS, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); English v. Sec'y of HHS, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006).   However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits."   Gruber v. Sec'y of HHS, 91 Fed. Cl. 773, 791 (2010).   "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling."   Id.

Petitioner seeks Mr. Caldwell's full hourly rate for his travel time expended to meet petitioner.   Ex. 64, at 6 (entries dated 1/29/2015, 1/29/2015, 1/30/2015).   The undersigned finds that he should be awarded one-half of his normal rate for these hours.   Mr. Caldwell did not provide evidence that he worked the entire travel time.   Since all travel occurred in 2015, petitioner will be awarded fees at a rate of $150, representing one-half of Mr. Caldwell's hourly rate in 2015, $300.   Petitioner billed for 13.80 hours of travel in total.   Thus, petitioner's award is **reduced by $2070.00.**

### b.  Law Clerk's Appropriate Hourly Rate

Petitioner seeks a $150 hourly rate for law clerk's work.   The undersigned concludes that the hourly rate for a law clerk should be reduced from $150 to $145, which results in a **further deduction of $7.50.**

## 2.  Reduction of Billable Hours

### a.  Clerical Tasks

It is firmly rooted that billing for clerical and other secretarial work is not permitted in the Vaccine Program.   Rochester v. United States, 18 Cl.Ct. 379, 387 (1989) (denied an award of fees

for time billed by a secretary and found that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates"); <u>Mostovoy v. Sec'y of HHS</u>, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

Petitioner's counsel's billing records contain multiple entries that are best characterized as administrative tasks, such as reviewing invoices, scheduling meetings, and making travel arrangements.   For instance, paralegals billed 1.5 hours to review and approve invoice for medical records and attorney expenses.   Ex. 64, at 2 (entries dated 6/17/2014; 6/22/2014; 6/26/2014; 7/15/2014; 7/31/2014; 8/5/2014; 8/18/2014; 9/11/2014; 10/23/2014; 10/24/2014; 12/5/2014; 1/22/2015; 2/3/2015; 2/27/2015; 2/3/2016; 2/4/2016; 2/16/2016; 7/14/2016; 9/6/2016; 9/9/2016; 9/20/2016; 9/29/2016; 10/12/2016).   Mr. Caldwell billed 0.3 hours for making travel arrangements.   <u>Id.</u> at 6 (entry dated 1/28/2015).   Additionally, throughout the billing invoices, paralegals billed 0.1 to 0.2 hours for "calendar telephone conference", "calendar deadlines", and "review electronic notice and update the file accordingly" after reviewing a one-page court order or scheduling a conference.   Ex. 64 (entries dated 7/1/2014; 7/28/2014; 10/1/2014; 11/3/2014; 12/8/2014; 12/30/2014; 2/2/2015; 2/5/2015; 3/3/2015; 7/9/2015; 8/3/2015; 9/28/2015; 11/24/2015; 2/6/2016; 3/23/2016; 4/21/2016; 6/8/2016; 9/22/2016; 11/30/2016; 1/30/2107; 2/14/2017; 6/1/2017).   Beyond the fact that this is clerical work billed at paralegals' rates, the undersigned cannot imagine how it takes six to twelve minutes to enter a date, or even three dates, on one's calendar.   These types of entries are clerical in nature and do not constitute billable time.   Accordingly such entries will be deducted from the fee award, amounting to a **reduction of $1040.50.**

### b.  Duplicative and Vague Billing Entries

The undersigned has previously decreased an award of attorneys' fees for vagueness. <u>Barry v. Sec'y of HHS</u>, 12-39V, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reduced a fee award by 10 percent due to vague billing entries).   An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable.   <u>Bell v. Sec'y of HHS</u>, 18 Cl.Ct. 751, 760 (1989); <u>Rodriguez v. Sec'y of HHS</u>, 2009 WL 2568468 (Fed. Cl. Spec. Mast. June 27, 2009).   Petitioners bear the burden of documenting the fees and costs claimed.   <u>Id.</u> at *8.

After reviewing the billing records, the undersigned finds that petitioner's counsel and paralegals included entries that are so vague that they do not provide enough information to determine whether the task is compensable.   Several of the entries are simply for a review of the file and/or a discussion with an attorney, but do not explain for what purpose the file needed to be reviewed and discussed so frequently.   Ex. 64 (entries dated 6/5/2014; 9/18/2014; 9/19/2014; 10/7/2014; 10/17/2014; 10/24/2014; 11/13/2014; 11/14/2014; 11/18/2014; 11/26/2014; 12/2/2014; 12/5/2014; 12/19/2014; 12/30/2014; 2/19/2015; 9/22/2015; 12/3/2015; 12/4/2015; 3/10/2016; 6/7/2016; 6/10/2016; 6/30/2016; 8/10/2016; 2/24/2017).

Moreover, the undersigned considers the generalized entries which Mr. Caldwell billed for "Review case for direction; update file accordingly," <u>see e.g.</u>, Ex 64, at 3, to be unreasonable.   It is

difficult to comprehend why counsel billed for a general review of the case file when he was actively involved in the case.   Accordingly, the undersigned deducts for the following entries: 0.2 hours (8/22/2014); 0.2 hours (12/5/2014); 0.2 hours (5/7/2015); 0.4 hours (9/22/2015); 0.2 hours (6/10/2016); 0.2 hours (12/9/2016); 0.2 hours (4/12/2017); 0.2 hours (6/16/2017).   The total amount of the **reduction equals $1078.70.**

### c.  Excessive and Block Billing

Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing.   See Ericzon v. Sec'y of HHS, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); Raymo v. Sec'y of HHS, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly.   See Sabella, 86 Fed. Cl. at 209.

After carefully reviewing the billing records, the undersigned finds that counsel billed for an excessive amount of time to complete various tasks.   For example, from July 2, 2014 to July 16, 2014, Mr. Caldwell billed 15.7 hours for reviewing medical records.   Ex. 64, at 2-3 (entries dated 7/2/2014; 7/3/2014; 7/6/2014; 7/7/2014; 7/11/2014; 7/16/2014).   In 2015 and 2016, Mr. Caldwell billed 38 hours for reviewing petitioner's expert report, cited literature, and medical records.   Id. at 7-10, 12-13 (entries dated 6/12/2015; 6/29/2015; 8/13/2015; 10/8/2015; 1/11/2016; 1/13/2016; 1/14/2016; 1/15/2016; 7/18/2016; 7/19/2016; 8/24/2016; 8/25/2016; 8/26/2016; 8/29/2016).   Counsel also billed 10.2 hours for reviewing respondent's expert report and medical literature.   Id. at 12 (entries dated 5/31/2016; 6/1/2016; 6/7/2016).   Not only were the hours billed for reviewing medical records, expert reports, and cited literature excessive, but also they were often block-billed.   Id. at 7-10, 12-13.

The billing records contain numerous entries which constitute block billing, where Mr. Caldwell has billed for multiple tasks in a single entry.   This type of "block billing" is not appropriate in vaccine cases.   Barry v. Sec'y of HHS, No. 12-39V, 2016 WL 6835542, at *4 (Fed. Cl. Spec. Mstr. Oct. 25, 2016).   An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine whether the amount requested is reasonable.   Rodriguez v. Sec'y of HHS, No. 06-559V, 2009 WL 2568468, at *8 (Fed. Cl. Spec. Mstr. Oct. 25, 2016).   Because it is counsel's burden to document the fees claimed, the undersigned will not compensate the time billed for the entire billing entry.   Id.

In many instances, Mr. Caldwell billed large amounts of time without sufficient detail as to how long each task was performed and made it impossible for the undersigned to determine the reasonableness of those activities.   For example, on February 4, 2015, Mr. Caldwell billed 3.8 hours for reviewing the file and medical records, preparing a settlement demand email, and filing a status report.   Ex. 64, at 6.   On June 29, 2015, Mr. Caldwell billed 4.5 hours for reviewing a draft expert report, reviewing the file and medical records, and executing a motion for enlargement of time.   Id. at 7.   On October 5, 2015, Mr. Caldwell billed 3.5 hours for

reviewing the file, medical literature, and medical records, and for updating file notes.   Id. at 8.
On January 11, 2016, Mr. Caldwell billed 5.1 hours for reviewing a draft expert report, cited
medical literature, the file, and the medical records.   Id. at 9.   On July 18, 2016, Mr. Caldwell
billed 3.5 hours for reviewing the file, medical records, and an expert report, and for updating
file notes.   Id. at 12.   On August 25, 2016, Mr. Caldwell billed 5.2 hours for reviewing a draft
expert report, cited medical literature, the file, and medical records.   Id. at 13.   He billed
another 3.4 and 1.5 hours for nearly the same activities on August 26 and 29, 2016.   Id.

        Due to the volume of excessive, duplicative, vague and block billing entries, the
undersigned further reduces petitioner's requested fees by twenty-five percent.   See Willett v.
Sec'y of HHS, No. 15-252V, 2017 WL 3298983, at *4 (Fed. Cl. Spec. Mstr. June 2, 2017)
(reducing fee award by 20 percent); Raymo v. Sec'y of HHS, No. 11-654V, 2016 WL 7212323,
at *18 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reducing fee award by 20 percent); see also Wasson
v. Sec'y of HHS, 24 Cl. Ct. 482, 484 (Fed. Cl. 1991) (a line-by-line evaluation is not required in
determining a reasonable number of hours expended), aff'd in relevant part, 988 F.2d 131 (Fed.
Cir. 1993).   This adjustment results in a **further deduction of $13,350.55.**

        Thus, the total amount of attorneys' fees for Maglio Christopher & Toale, PA is reduced
by $17,547.25 and $40,051.65 is awarded.   The undersigned finds the attorneys' costs
reasonable.   Therefore, the total amount paid for attorneys' fees and costs incurred by Maglio
Christopher & Toale, PA is **$62,715.85.**

                                    **CONCLUSION**

        Based on her experience and review of the billing records submitted by petitioner, the
undersigned finds the majority of petitioner's attorneys' fees and costs request reasonable.
**Accordingly, the court awards $62,715.85**, representing attorneys' fees and costs.   The award
shall be in the form of a check made payable jointly to petitioner and Maglio Christopher & Toale,
PA in the amount of **$62,715.85**.

        In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the
court is directed to enter judgment herewith.[2]


**IT IS SO ORDERED.**


Dated: <u>December 7, 2017</u>                                    /s/ Laura D. Millman
                                                      Laura D. Millman
                                                      Special Master

---

[2]  Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or
jointly, filing a notice renouncing the right to seek review.